KARLTON KIRKSEY                                    CIVIL ACTION

VERSUS                                             NO. 18-5689

DOCTOR'S ASSOCIATES INC.                           SECTION M (2)


## ORDER & REASONS

Before the Court is Defendant Doctor's Associates Inc.'s ("DAI") motion for judgment on the pleadings.[1]  Plaintiff Karlton Kirksey filed an *ex parte* motion for an extension of time to file a response[2] without the defendant's consent.  Therefore, the Court treats Kirksey's motion to file for an extension of time as a contested motion.[3]  Kirksey contends that, under Federal Rule of Civil Procedure 6(b)(1)(A), there is good cause to extend the deadline solely because "Kirksey only had seven work days within which to respond."[4]  DAI opposes Kirksey's motion on the grounds that Kirksey fails to demonstrate good cause as to why he cannot comply with the Local Rules and characterizes Kirksey's motion as "a stall tactic" to delay arbitration.[5]  The Court agrees with DAI and denies Kirksey's motion for an extension.[6]  Thus, DAI's motion is unopposed, but the Court will nonetheless weigh its merit.  Having considered DAI's brief and the applicable law, the Court issues this Order & Reasons.

---

[1] R. Doc. 37.

[2] R. Doc. 38.

[3] *See* Local Rule 7.3.

[4] *Id.* at 4.

[5] R. Doc. 39 at 3-4.

[6] *See* Local Rule 7.2.  Although Kirksey timely requested an extension before the deadline to file an opposition, the Court notes several points in DAI's opposition that support denial of an extension: that Kirksey has not requested a particular number of days within which to respond, that Kirksey previously opposed DAI's motion for an extension of time to file over a holiday weekend, and that, ultimately, granting an extension to oppose the judgment on the pleadings will not change the outcome of the Court's holding.  R. Doc. 39 at 3.

## I.    BACKGROUND

The claims before the Court arise out of a franchise agreement between Kirksey, a franchisee owner of a Subway sandwich shop in Louisiana, and DAI, the franchisor.  The franchise agreement contains an arbitration clause, by which Kirksey and DAI arbitrated several disputes in Connecticut.  On May 31, 2018, the eve of the latest arbitration hearing, Kirksey filed suit against DAI in Louisiana state court, seeking a restraining order enjoining the arbitration.  DAI subsequently filed a motion to compel arbitration in the U.S. District Court for the District of Connecticut, removed the Louisiana case to federal court (the instant suit), and sought a stay of the instant proceedings pending the Connecticut federal court's ruling.[7]  Meanwhile, in the Eastern District of Louisiana, Kirksey filed a motion to stay the Connecticut district court proceedings until the resolution of the Louisiana litigation.[8]

On November 19, 2018, the Connecticut federal court granted DAI's motion to compel arbitration.  *Doctor's Assoc., Inc. v. Kirksey*, 2018 WL 6061573, at *1, *6 (D. Conn. Nov. 19, 2018).  Finding there was no dispute that Kirksey and DAI agreed to delegate questions of arbitrability to the arbitrator, the court analyzed whether Kirksey challenged (1) the delegation provision or (2) the existence of the franchise agreement as a whole, either of which would put arbitrability properly before the Court.  *Id.* at *4-5 (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298-99 (2010)).  In opposition to DAI's motion to compel arbitration, Kirksey, as a *pro se* litigant, had submitted the amended complaint he filed in this Court, which was drafted by a Louisiana attorney.  *Id.* at *1 n.1.  In it, Kirksey solely attacked the enforceability of the arbitration provision.  *Id.* at *4.  Therefore, the Connecticut federal court held that "the

---

[7] R. Doc. 4.
[8] R. Doc. 7.

arbitrability of Kirksey's claims is a question for the arbitrator," and so ordered Kirksey to "submit to arbitration the claims that he raised or could have raised against DAI so that the arbitrator may decide, in the first instance, whether such claims are arbitrable." *Id.* at *5.

## II.   PENDING MOTION

In its motion for judgment on the pleadings, DAI submits that this Court must stay or dismiss the instant proceedings without prejudice under the Federal Arbitration Act.[9]  Given that the Connecticut federal court has held that the arbitrability of Kirksey's claims must be decided by the arbitrator, DAI argues that there is nothing left for this Court to decide.[10]  In accordance with Fifth Circuit cases dismissing similar claims where "staying the action will serve no purpose," DAI urges the Court to dismiss the case without prejudice.[11]

## III.   LAW & ANALYSIS

### A.  Judgment on the Pleadings Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for a judgment on the pleadings.  "A Rule 12(c) motion may dispose of a case when there are no disputed material facts and the court can render a judgment on the merits based on 'the substance of the pleadings and any judicially noted facts.'" *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018) (quoting *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)).  Courts will consider an amended complaint when it supersedes earlier pleadings.  *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir.

---

[9] R. Doc. 37-1 at 2.
[10] R. Doc. 37 at 1.
[11] R. Doc. 37-1 at 3 (citing *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992))).

2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Analysis**

The Federal Arbitration Act directs courts, upon motion of a party, to stay the trial of an action "upon any issue referable to arbitration under an agreement in writing for such arbitration" when the court is "satisfied that the issue involved … is referable to arbitration under such agreement." 9 U.S.C. § 3. In addition to granting a stay, the Fifth Circuit has held that district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3 when "staying the action will serve no purpose." *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 677, 678 (5th Cir. 1999) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Staying an action serves no purpose when "all issues raised in this action are arbitrable and must be submitted to arbitration." *Id.* at 678 (quoting *Alford*, 975 F.2d at 1164). *See, e.g., Anderson v.*

*Waffle House, Inc.*, 920 F. Supp. 2d 685, 695 (E.D. La. 2013) (dismissing suit after holding all claims referable to arbitration); *Electrostim Med. Servs., Inc. v. Blue Cross Blue Shield of La.*, 2013 WL 5819704, at *11 (E.D. La. Oct. 28, 2013) (same).

Here, the claims that Kirksey asserts in his amended complaint are identical to the claims asserted in federal court in Connecticut because Kirksey filed there the same amended complaint as his opposition to DAI's motion to compel arbitration under the same arbitration agreement at issue. *See Kirksey*, 2018 WL 6061573, at *1 n.1. The Connecticut federal court ruled that that "the arbitrability of Kirksey's claims is a question for the arbitrator," and ordered Kirksey to "submit to arbitration the claims that he raised or could have raised against DAI so that the arbitrator may decide, in the first instance, whether such claims are arbitrable." *Id.* at *5. As a result, because the Connecticut federal court has ruled that "all issued raised in this action are arbitrable and must be submitted to arbitration," *Fedmet Corp.*, 194 F.3d at 678, there is nothing left for this Court to decide, and staying the action serves no purpose. *See id.* Instead, dismissal of the case is the appropriate course of action.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Karlton Kirksey's Ex Parte Motion to Extend Time to File Opposition (R. Doc. 38) is DENIED.

**IT IS FURTHER ORDERED** that Doctor's Associates Inc.'s Motion for Judgment on the Pleadings (R. Doc. 37) is GRANTED, and this case is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Doctor's Associates Inc.'s Motion to Stay Pending Ruling From the District of Connecticut (R. Doc. 4) and Karlton Kirksey's Motion to Stay the

District of Connecticut from Ruling on Doctor's Associates Inc.'s Petition to Compel Arbitration

(R. Doc. 7) are DENIED AS MOOT.

     New Orleans, Louisiana, this 18th day of December, 2018.


                                       _____
                                       BARRY W. ASHE
                                       UNITED STATES DISTRICT JUDGE